

FILED & ENTERED

DEC 05 2017

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY bakchell  DEPUTY CLERK

<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**LOS ANGELES DIVISION**

| | |
|---|---|
| In re: | Case No. 2:12-bk-47099-RK |
| ADRIAN J. HERNANDEZ, | Chapter 7 |
| Debtor. | **MEMORANDUM DECISION ON DEBTOR'S MOTION FOR SANCTIONS AGAINST CREDITORS JAIME FARIAS AND MYRNA FARIAS FOR WILLFUL AND CONTINUING VIOLATION OF THE DISCHARGE INJUNCTION** |
| | Date:          October 24, 2017 |
| | Time:          1:30 p.m. |
| | Courtroom:   1675 |

Pending before the court is the contested matter of the motion of Debtor Adrian Hernandez ("Debtor") for sanctions against Creditors Jaime Farias and Myrna Farias ("Creditors") for willful and continuing violation of the discharge injunction, filed on July 8, 2015, Electronic Case Filing (ECF) Number 40. See Fed. R. Bankr. P. 9014. Creditors filed their opposition to the motion on July 21, 2015, ECF 42. The motion was first heard on August 5, 2015. The court stayed the proceedings because Creditors

filed an adversary proceeding for debt dischargeability which may have rendered this contested matter moot if they had prevailed.  However, Debtor prevailed in that adversary proceeding, and the court reset this contested matter for hearing on October 24, 2017.

At the hearing on this contested matter on October 24, 2017, Eric Bensamochan, of The Bensamochan Law Firm, appeared for Debtor, and Michael Jay Berger, of the Law Offices of Michael Jay Berger, appeared for Creditors.  At this hearing, counsel for the parties indicated to the court that no further briefing and evidence was needed for the court to decide the motion, thus, waiving an evidentiary hearing wherein live testimony would be given.  The court then took the motion under submission and now renders its decision on the motion, setting forth its findings of fact and conclusions of law in this contested matter pursuant to Fed. R. Bankr. P. 7052.

The background facts of this case are not disputed.  See Motion at 2 and Exhibits A-C attached thereto, ECF 40; Opposition at 2-3, ECF 42.  On November 5, 2012, Debtor commenced this bankruptcy case by filing a voluntary petition for relief under Chapter 7 of the Bankruptcy Code, 11 U.S.C.  ECF 1.  On November 12, 2012, Debtor filed his original Schedule F, Creditors Holding Unsecured Creditors Holding Unsecured Nonpriority Claims, listing Creditors as having a "Contingent/Possible Claim," with an address at 11941 Cohasset St. North Hollywood, CA  91605.  ECF 12 at 20.  The creditors mailing matrix in this case listed an additional address for Creditors at 6100 Wilshire Blvd., Suite 1170, Los Angeles, CA  90048, which is the address of David Greenberg, Attorney at Law, who was their attorney at the time.  Opposition at 3. Apparently, this additional address for Creditors was added to the creditors mailing matrix when it was added as an additional address for Creditors on the service list for

Debtor's amended Schedule F, filed on November 28, 2012, ECF 14 at 32.  On March 18, 2013, an order granting discharge to Debtor was entered in this case.  ECF 28.  On March 20, 2013, the Bankruptcy Noticing Center on behalf of the court served by first class mail notices of the discharge on creditors, including Creditors Jaime Farias and Myrna Farias at the above-listed addresses at 11941 Cohasset St., North Hollywood, CA  91605, and 6100 Wilshire Blvd., Suite 1170, Los Angeles, CA  90048. ECF 29 at 1-6.  On April 24, 2015, Creditors filed a second amended complaint against Debtor for fraud in the Superior Court of California for the County of Los Angeles.  This complaint asserted claims for damages against Debtor for alleged prepetition acts, which claims may constitute dischargeable prepetition unsecured debts.

Other facts of this case are disputed, and the court will discuss and resolve these factual disputes below.

Debtor contends that Creditors are liable for sanctions for violating the discharge injunction by having notice of his bankruptcy case and prosecuting the state court lawsuit against him to collect a prepetition, dischargeable debt for damages.  Creditors contend that they had no knowledge of his bankruptcy case due to inadequate notice being given by Debtor of his bankruptcy case, and thus, they are not subject to sanctions for knowingly violating the discharge injunction.

The court determines that Debtor as the party moving for contempt has failed to meet his burden of showing by clear and convincing evidence that Creditors knowingly violated the discharge injunction in prosecuting their state court lawsuit against him.  Debtor has not demonstrated that they had adequate notice of his bankruptcy case.  The Cohasset Street address for Creditors on Debtor's amended bankruptcy schedules was not a proper service address for them as Mr. Farias stated in his declaration that at

the time of the filing of the amended schedules, Creditors' residential address was

different, i.e., in Calabasas, California, not North Hollywood, California, where the

Cohasset Street property was located.  ECF 42 at 7, ¶ 2.  Mr. Farias further stated in his

declaration that while Creditors owned the Cohasset Street property, they never

received mail there and had sold that property eight months before Debtor commenced

his bankruptcy case.  *Id.*  The court finds Mr. Farias's testimony in his declaration to be

credible on these points.  (In this regard, the court notes that the parties waived an

evidentiary hearing in this contested matter at the hearing on October 24, 2017 and that

Mr. Farias's testimony on these points is uncontroverted.)  So any bankruptcy notices to

Creditors at the Cohasset Street address would have been incorrect, and Debtor has

not otherwise demonstrated that Creditors had notice of his bankruptcy case through

the Cohasset Street property address.

      Although Creditors in Mr. Farias's declaration, ECF 42 at 7, ¶ 3, acknowledge

that their attorney, David Greenberg, was listed as an additional address for them on

the creditors' mailing matrix in this case, and thus, presumably notices of the bankruptcy

case were sent to him, Debtor has not shown by clear and convincing evidence that any

service of such notices resulted in actual knowledge of the bankruptcy case by

Creditors.  Mr. Farias said in his declaration that Creditors did not receive any notice of

Debtor's bankruptcy case from Mr. Greenberg.  *Id.*  The court finds Mr. Farias's

testimony in his declaration to be credible on these points.  (In this regard, the court

again notes that the parties waived an evidentiary hearing in this contested matter at the

hearing on October 24, 2017, that Mr. Farias's testimony on these points is

uncontroverted and that no one called the former attorney, Mr. Greenberg, as a

witness.)  Thus, the court finds that Debtor has not otherwise shown by clear and

convincing evidence that Creditors had actual knowledge of his bankruptcy case through the attorney.  As the Ninth Circuit stated in *ZiLog, Inc. v. Corning* (*In re ZiLog, Inc.*), 450 F.3d 996, 1008 (9th Cir. 2006), imputed knowledge, i.e., service on an agent, is not actual knowledge sufficient to establish contempt.

Creditors' filing and prosecution of the state court lawsuit to collect the alleged prepetition debt of Debtor after the granting of the discharge violate the discharge injunction, but they have no liability for contempt unless such violation was knowing.  On this record, Debtor's assertion in his declaration that Creditors had actual notice of his bankruptcy case when they filed and prosecuted the state court action is not supported by the evidence.  In particular, the court finds Mr. Farias's testimony in his declaration, ECF 42 at 7-8, ¶¶ 3-4, that Creditors had no actual notice of Debtor's bankruptcy case before they filed the second amended complaint in the state court action to be credible and demonstrates that Debtor's assertion that they had actual notice is without merit. (In this regard, the court again notes that the parties waived an evidentiary hearing in this contested matter at the hearing on October 24, 2017 and that Mr. Farias's testimony on these points is uncontroverted.)

Therefore, the court determines that Debtor has not shown any knowing violation of the discharge injunction by Creditors by clear and convincing evidence.  However, because the court has determined in the adversary proceeding that there is no debt owing by Debtor to Creditors, which is excepted from discharge, Creditors may not now proceed further against Debtor in the state court action to collect any prepetition debt not excepted from discharge, and they had better now dismiss the lawsuit, if they have not done so already, in order to stay out of contempt for violation of the discharge injunction.

1

## ANALYSIS

**Debtor Failed to Prove by Clear and Convincing Evidence that Creditors had Actual Knowledge of the Discharge Injunction for the Court to Hold Them in Civil Contempt.**

Under 11 U.S.C. § 105(a) and Federal Rule of Bankruptcy Procedure 9020, bankruptcy courts have authority over civil contempt proceedings and to impose sanctions for civil contempt. *In re Rainbow Magazine, Inc.,* 77 F.3d 278, 284-85 (9th Cir. 1996). 11 U.S.C. § 524(a)(2) "operates as an injunction against the commencement or continuation of an action, the employment of process, or an act, to collect, recover or offset any such debt as a personal liability of the debtor." 11 U.S.C. § 524(a)(2). Civil contempt is the appropriate remedy for the violation of the discharge injunction. *Walls v. Wells Fargo Bank, N.A.*, 276 F.3d 502, 507 (9th Cir. 2002). Debtor has the burden of proving by clear and convincing evidence that the offending creditor knowingly and willfully violated the discharge injunction. *In re Kabiling*, 551 B.R. 440, 444 (9th Cir. BAP 2016), *citing, ZiLog, Inc. v. Corning (In re ZiLog, Inc.)*, 450 F.3d 996, 1007 (9th Cir. 2006). "The offending creditor acts knowingly and willfully if (1) it knew the discharge injunction was applicable and (2) it intended the actions which violated the injunction." *Id*.

With respect to the first element of knowledge on Debtor's claim for contempt based on a violation of the discharge injunction, a creditor cannot be held in contempt for violating the discharge injunction unless the creditor had actual knowledge of the injunction. *In re Kabiling,* 551 B.R. at 445, *citing, In re ZiLog, Inc.,* 450 F.3d at 1008. With respect to the second element of intent, courts apply the same analysis regarding violations of the discharge injunction as they do with violations of the automatic stay. *In re Kaibiling,* 551 B.R. at 445 (citation omitted). "The focus is on whether the creditor's

conduct violated the injunction and whether that conduct was intentional; it does not require a specific intent to violate the injunction." *Id.*, *citing, In re Dyer,* 322 F.3d 1178, 1191 (9th Cir. 2006).  In the past, courts have found actual knowledge where creditors undisputedly received notice. See, e.g., *In re Zilog, Inc.*, 450 F.3d at 1009, *citing, In re Dyer*, 322 F.3d at 1192.

Creditors contend that they were "unaware of Debtor's bankruptcy at the time of the filing" because of "Debtor's failure to provide adequate notice." *Declaration of Jaime Farias,* ECF 42 at 7, ¶ 3.  Debtor listed two addresses for Creditors in his bankruptcy schedules which were reflected in the creditors mailing matrix, neither of these two addresses was correct.  See *Declaration of Jaime Farias* at 7, ECF 42 at 7, ¶¶ 2-3.  One of the addresses was a property on Cohasset Street in North Hollywood, California (the "Cohasset Address") that the Creditors had only owned for a short time but had never lived at, nor received any mail there.  *Id.* at 7, ¶ 2.  The other address belonged to a Mr. David Greenberg, who had been Creditors' attorney (the "Attorney Address").  *Id.* at 7, ¶ 3.

Debtor contends that service to the Attorney Address constituted adequate service because "the great weight of modern authority is to the effect that notice of bankruptcy to a creditor's attorney is sufficient to bind the creditor if it is received while the attorney is still representing his client." *Reply to Opposition* at 2, lines 13-15.  In support of his contention, Debtor cites several cases, including *In re Price* decided by the Bankruptcy Appellate Panel of the Ninth Circuit and affirmed by the Ninth Circuit in *Lompa v. Price.* In its decision, the Ninth Circuit emphasized the specific facts of notice in that case, stating "*under these circumstances* notice to counsel constituted notice to the appellant." *Lompa v. Price*, 871 F.2d 97, 99 (9th Cir. 1989) (emphasis added).  The

Ninth Circuit observed that the counsel who received notice was "pursuing the same claim in state court," *Lompa v. Price*, 871 F.2d at 99, and the Bankruptcy Appellate Panel observed that "notice to a creditor's attorney of a bankruptcy filing is usually sufficient *if the attorney received knowledge of it while representing his client in enforcing a claim against the bankrupt.*" *In re Price*, 79 B.R. 888, 890 (9th Cir. BAP 1987)(emphasis in original), *quoting Maldonado v. Ramirez*, 37 B.R. 219 (D. V.I. 1984) (internal citations omitted).

Debtor's Amended Schedule F, also listing Creditors at the Attorney Address, was filed on November 28, 2012.  Debtor's discharge was granted and entered in this case on March 20, 2013.  The proof of service for the notice to creditors regarding the discharge shows "Jamie Farias, Myrna Farias" were served at the Attorney Address. ECF 29.  Creditors initiated the state court action against Debtor on April 1, 2014. Unlike the situation in *Lompa v. Price* and *In re Price,* notice to Creditors' attorney did not constitute proper notice here where (1) there is no evidence that shows the attorney was actively representing the creditors to enforce claims against the debtor at the time that notice of the bankruptcy was given to the attorney, and (2) the notice to Creditors at the Attorney Address did not actually list the attorney's name and relationship to Creditors.

Debtor has not shown by clear and convincing evidence that Creditors' former attorney was enforcing a claim against the Debtor *at the time* notice was sent to attorney.  Although Creditors state in their declaration that "[the Attorney Address] belongs to David Greenberg, who was Creditors' counsel at the time," *Declaration of Jaime Farias,* ECF 42 at 7, ¶ 3, this statement as well as the other evidence in this case do not demonstrate that Mr. Greenberg was representing Creditors in an action against

Debtor at that time Mr. Greenberg allegedly received notice of the bankruptcy case.

Indeed, the evidence in the record suggests the opposite: that the Creditors did not

have any pending litigation claims against Debtor at the time notice of the bankruptcy

case was sent out to the attorney. *Declaration of Jaime Farias,* ECF 42 at 7-8, ¶¶ 3-4.

Mr. Farias's testimony that "[h]ad we been given proper notice of Debtor's bankruptcy,

we would have commenced an adversary proceeding against the Debtor for non-

dischargeability based on fraud and willful malicious injury by the Debtor" makes sense

and is credible, a further indication that they did not have prior actual notice of Debtor's

bankruptcy case.

    In addition, the address listed on the court notice regarding discharge that was

filed and served on Creditors, ECF 29, was the address of their attorney.  However,

while Creditors were named in this notice, their attorney was not.  The notice made no

mention that the Attorney was being served in the capacity of Creditors' attorney.  Thus,

the court determines that Debtor failed to show with clear and convincing evidence that

service on Creditors at the Attorney Address was reasonably calculated to apprise them

of the bankruptcy case and that they had actual knowledge of the bankruptcy case.

    The Supreme Court set forth the standard for adequate service in *Mullane v.

Central Hanover Trust Company,* 339 U.S. 306 (1950), "An elementary and

fundamental requirement of due process in any proceeding which is to be accorded

finality is notice *reasonably calculated*, *under all the circumstances*, to apprise

interested parties of the pendency of the action and afford them an opportunity to

present their objections."  *Id.,* 339 U.S. at 314 (emphasis added). The Supreme Court

further stated:

> *. . . [P]rocess which is a mere gesture is not due process*. The means
> employed must be such as one desirous of *actually informing* the

absentee might reasonably adopt to accomplish it. The reasonableness and hence the constitutional validity of any chosen method may be defended on the ground that it is in itself reasonably certain to inform those affected.

*Id.* at 315 (emphasis added).

Courts have found that generally "mailing a notice to a party's last-known address is 'reasonably calculated' to provide actual notice." *See, e.g, In re Freedom Communications Holdings, Inc.*, 472 B.R. 257, 262 (Bankr. D. Del. 2012), *citing Tulsa Professional Collection Services., Inc. v. Pope,* 485 U.S. 478, 490 (1988)).

In this case, Debtor has not shown by clear and convincing evidence that the Cohasset Address he listed to notify Creditors of his bankruptcy case filing was reasonably calculated to apprise them of the situation of the bankruptcy case filing or was their last-known address.  The uncontroverted evidence based on Mr. Farias's testimony in his declaration is that the Cohasset Address was not a proper address to serve them since it was not their residence, they only owned the Cohasset Street Property for a short time, they never received mail there, they had sold it before Debtor filed his bankruptcy case, and thus, not reasonably calculated to give them notice.

Debtor's argument that the Creditors had actual notice of a bankruptcy case of another debtor, but chose to sue her in state court anyway is besides the point because that is not this case.  *Reply to Opposition,*  ECF 43, at 3, lines 7-10.  That Debtor argues that "Creditors merely ignored or were willfully ignorant to the bankruptcy filing," *Reply to Opposition,* ECF 43 at 3, line 2, does not meet his burden of demonstrating actual notice of Creditors of his bankruptcy case to support a finding of contempt by clear and convincing evidence.  Although "the standard for what amounts to constitutionally adequate notice . . . is fairly low," *Espinosa v. United Student Aid Funds, Inc.*, 553 F.3d 1193, 1202 (9th Cir. 2008) *affirmed,* 559 U.S. 260 (2010), the standard of knowledge for

civil contempt must be actual knowledge and "[k]knowledge of the injunction, which is a prerequisite to its willful violation, cannot be imputed; it must be found." *In re ZiLog*, 450 F.3d at 1008.  Thus, under the standard for actual knowledge, Debtor's argument that Creditors had knowledge from receiving notices in other bankruptcy cases does not show by clear and convincing evidence that Creditors had actual notice of this bankruptcy case.

Accordingly, the court will enter a judgment in favor of Creditors and against Debtor in this contested matter of his motion for civil contempt and sanctions.   A separate judgment is being entered concurrently herewith.

IT IS SO ORDERED.

###

Date: December 5, 2017

_____
Robert Kwan
United States Bankruptcy Judge